IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>    and<br><br>COMMONWEALTH OF PENNSYLVANIA,<br><br>                    *Plaintiffs*,<br><br>                v.<br><br>PENN STATE HERSHEY MEDICAL CENTER<br><br>    and<br><br>PINNACLE HEALTH SYSTEM,<br><br>                    *Defendants*. | Civil Action No. 1:15-cv-02362-JEJ |

## **DEFENDANTS' ANSWERS AND DEFENSES**

Defendants Penn State Hershey Medical Center ("Hershey"), and Pinnacle Health System ("Pinnacle"; collectively, "Defendants"), by and through their attorneys, admit, deny, and aver as follows with respect to the Complaint filed by the Federal Trade Commission and the Commonwealth of Pennsylvania.  To the extent not specifically admitted in the following paragraphs, the allegations in the Complaint are denied.

1.    Defendants admit that they intend to come under common control.  Defendants deny that they are the two largest health systems in the greater Harrisburg, Pennsylvania area.  The remaining allegations set forth in Paragraph 1 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

2.    Defendants admit that Hershey owns and operates the Milton S. Hershey Medical Center, a general acute-care ("GAC") hospital located in Dauphin County.  Defendants admit that Pinnacle operates one licensed GAC hospital on three separate campuses, including two campuses in Dauphin County.  Defendants further admit that, collectively, they operate the only three hospital campuses in Dauphin County.  Defendants also admit that they are both high-quality health systems.  Defendants deny the remaining allegations set forth in Paragraph 2.

3.    Defendants deny the allegations set forth in Paragraph 3.

4.    The allegations set forth in Paragraph 4 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

5.    Defendants deny the allegations set forth in Paragraph 5.

6.    Defendants deny the allegations set forth in the first and second sentences of Paragraph 6.  The allegations set forth in the third sentence of Paragraph 6 constitute legal

conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

7.   The allegations set forth in Paragraph 7 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

8.   The allegations set forth in Paragraph 8 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

9.   The allegations set forth in Paragraph 9 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

10.   Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 10, and therefore deny them.

11.   The allegations set forth in Paragraph 11 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

12.   Defendants deny that the Merger will result in a restraint or monopoly.  Defendants admit the remaining allegations set forth in Paragraph 12.

13.   Defendants admit the allegations set forth in Paragraph 13.

14.   Defendants deny that the Merger violates Section 7 of the Clayton Act, 15 U.S.C. § 18, and that the Merger will cause any injury to consumers.  Defendants admit the remaining allegations set forth in Paragraph 14.

15.   Defendants admit the allegations set forth in Paragraph 15.

16.   Defendants admit the allegations set forth in Paragraph 16.

17.   Defendants admit the allegations set forth in Paragraph 17.

18.   Defendants admit the allegations set forth in Paragraph 18.

19.   Defendants admit that the Hershey Medical Center has 551 licensed beds, 128 of which are pediatric beds.  Defendants deny that Hershey offers a full range of GAC services. Defendants admit the remaining allegations set forth in Paragraph 19.

20.   Defendants admit that Pinnacle operates one licensed GAC hospital on three separate campuses in the Harrisburg Area.  Defendants admit the remaining allegations set forth in Paragraph 20.

21.   Defendants admit that Pinnacle's combined system has approximately 650 licensed beds, which are divided among its three campuses.  Defendants deny that Pinnacle offers a full range of GAC services.  Defendants admit the remaining allegations set forth in Paragraph 21.

22.   Defendants admit that, pursuant to a definitive agreement, Hershey and Pinnacle intend to come under common control, and the transaction will be structured as described in Paragraph 22.

23.   The allegations set forth in Paragraph 23 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

24.   The allegations set forth in Paragraph 24 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

25.   The allegations set forth in Paragraph 25 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

26.   The allegations set forth in Paragraph 26 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

27.   Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 27, and therefore deny them.

28.   Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 28, and therefore deny them.

29.   Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 29, and therefore deny them.

30.   Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 30, and therefore deny them.

31.   Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in the first sentence of Paragraph 31, and therefore deny them.  The remaining allegations set forth in Paragraph 31 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations, and therefore deny them.

32.   Defendants deny the allegations set forth in Paragraph 32.

33.   Defendants deny the allegations set forth in Paragraph 33.

34.   The allegations set forth in Paragraph 34 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

35.   The allegations set forth in Paragraph 35 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

36.   Defendants deny the allegations set forth in Paragraph 36.

37.   Defendants deny the allegations set forth in Paragraph 37.

38.   Defendants deny the allegations set forth in the first sentence of Paragraph 38. Defendants admit that hospitals negotiate contracts with health plans, and that these contracts include reimbursement rates for services rendered to a health plan's members.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 38, and therefore deny them.

39.   Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 39, and therefore deny them.

40.   Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 40, and therefore deny them.

41.   Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 41, and therefore deny them.

42.   The allegations set forth in Paragraph 42 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

43.   Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 43, and therefore deny them.

44.   The allegations set forth in the final sentence of Paragraph 44 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Defendants deny the remaining allegations set forth in Paragraph 44.

45.   The allegations set forth in Paragraph 45 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

46.   The allegations set forth in Paragraph 46 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

47.   Defendants deny the allegations set forth in Paragraph 47.

48.   Defendants admit that they compete with one another, as well as with a large number of other hospitals.  Defendants deny the remaining allegations set forth in Paragraph 48.

49.   Defendants deny the allegations set forth in Paragraph 49.

50.   Defendants deny the allegations set forth in Paragraph 50.

51.   Defendants deny the allegations set forth in Paragraph 51.

52.   Defendants deny the allegations set forth in Paragraph 52.

53.   Defendants admit the allegations set forth in the first and fourth sentences of Paragraph 53.  Defendants deny the remaining allegations set forth in Paragraph 53.

54.   Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 54, and therefore deny them.

55.   Defendants deny the allegations set forth in Paragraph 55.

56.   Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 56, and therefore deny them.

57.   Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 57, and therefore deny them.

58.   Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 58, and therefore deny them.

59.   Defendants lack knowledge or information sufficient to form a belief as to the purported beliefs of certain health plans, and therefore deny those allegations.  Defendants deny the remaining allegations set forth in Paragraph 59.

60.   Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 60, and therefore deny them.

61.   Defendants deny the allegations set forth in Paragraph 61.

62.   Defendants deny the allegations set forth in Paragraph 62.

63.   Defendants admit that Pinnacle has always endeavored to provide high-quality service that satisfies patients.  Defendants deny the remaining allegations set forth in Paragraph 63.

64.   Defendants deny the allegations set forth in Paragraph 64.

65.   Defendants admit that Pinnacle has improved the quality of care and implemented operational improvements and best practices in its hospitals.  Defendants lack knowledge or information sufficient to form a belief as to the "internal documents" Plaintiffs reference, and therefore deny the allegations insofar as they rely on any such documents.  Defendants deny the remaining allegations set forth in Paragraph 65.

66.   Defendants admit that Hershey has begun constructing a new outpatient ambulatory facility and has expanded outpatient services in Cumberland County.  Defendants deny the remaining allegations set forth in Paragraph 66.

67.   Defendants admit that Hershey strives to reduce costs and improve its quality and efficiency.  Defendants deny the remaining allegations set forth in Paragraph 67.

68.   Defendants admit that they intend, post-Merger, to move certain low-acuity cases from Hershey to Pinnacle and certain high-acuity cases from Pinnacle to Hershey.  Defendants deny the remaining allegations set forth in Paragraph 68.

69.   Defendants admit the allegations set forth in the first and second sentences of Paragraph 69.  Defendants lack knowledge or information sufficient to form a belief as to the allegations in the fourth sentence of Paragraph 69, and therefore deny them.  Defendants deny the remaining allegations set forth in Paragraph 69.

70.   Defendants deny the allegations set forth in Paragraph 70.

71.   Defendants deny the allegations set forth in Paragraph 71.

72.   Defendants deny the allegations set forth in Paragraph 72.

73.   Defendants deny the allegations set forth in Paragraph 73.

74.   The allegations set forth in Paragraph 74 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations, and therefore deny them.

75.   The allegations set forth in Paragraph 75 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

76.   Defendants deny the allegations set forth in Paragraph 76.

77.   Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 77, and therefore deny them.

78.   The allegations set forth in Paragraph 78 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

79.   Defendants admit the allegations set forth in Paragraph 79.

80.   Defendants deny the allegations set forth in Paragraph 80.

81.   Defendants admit that the Merger will achieve operational efficiencies.  Defendants deny the remaining allegations set forth in Paragraph 81.

82.   The allegations set forth in Paragraph 82 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

83. Defendants deny that Plaintiffs are likely to succeed.  The remaining allegations set forth in Paragraph 83 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

84. The allegations set forth in Paragraph 84 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

85. The allegations set forth in Paragraph 85 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations and deny that Plaintiffs are entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following defenses, without assuming the burden of proof on such defenses that would otherwise rest with Plaintiffs:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Granting the relief sought is contrary to the public interest.

### THIRD DEFENSE

The alleged relevant service market definition fails as a matter of law.

### FOURTH DEFENSE

The alleged relevant geographic market definition fails as a matter of law.

### FIFTH DEFENSE

The Complaint fails to allege harm to competition.

### SIXTH DEFENSE

The Complaint fails to allege harm to any consumers.

### SEVENTH DEFENSE

The Complaint fails to allege harm to consumer welfare.

### EIGHTH DEFENSE

Any purported alleged harm to potential competition is not actionable.

### NINTH DEFENSE

The combination of Defendants' businesses will be procompetitive.  The merger will result in substantial merger-specific efficiencies, cost synergies, quality-of-care improvements, and other procompetitive effects that will directly benefit consumers.  These benefits greatly outweigh any and all proffered anticompetitive effects.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Defendants have not knowingly or intentionally waived any applicable defenses, and they reserve the right to assert and rely upon other applicable defenses that may become available or apparent throughout the course of the action.  Defendants reserve the right to amend, or seek to amend, their answer or affirmative defenses.


Dated:  January 11, 2016                 Respectfully submitted,

/s/ William D. Coglianese
_____

Adrian Wager-Zito (*pro hac vice*)
Julia E. McEvoy (*pro hac vice*)
Toby G. Singer (*pro hac vice*)
Kenneth W. Field (*pro hac vice*)
Christopher N. Thatch (*pro hac vice*)
William D. Coglianese (*pro hac vice*)
JONES DAY
  51 Louisiana Avenue, N.W.
  Washington, D.C. 20001-2113
Email: adrianwagerzito@jonesday.com
Email: jmcevoy@jonesday.com
Email: tgsinger@jonesday.com
Email: kfield@jonesday.com
Email: cthatch@jonesday.com
Email: wcoglianese@jonesday.com
Telephone:(202) 879-3939
Facsimile: (202) 626-1700

James P. DeAngelo (Bar #62377)
McNEES WALLACE & NURICK LLC
  100 Pine Street
  Harrisburg, PA 17101
Email: jdeangelo@mwn.com
Telephone:  (717) 237-5470
Facsimile:  (717) 260-1679

*Counsel for Defendants*
*Penn State Hershey Medical Center*
*& Pinnacle Health System*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 11, 2016, I filed the foregoing document with the Clerk of the Court via the Case Management and Electronic Case Filing (CM/ECF) system.  I also certify that the following counsel of record will receive the foregoing document electronically:

William H. Efron
Jared P. Nagley
FEDERAL TRADE COMMISSION
NORTHEAST REGION
One Bowling Green, Suite 318
New York, NY 10004
Email: wefron@ftc.gov
Email: jnagley@ftc.gov
(212) 607-2829

Tracy W. Wertz
COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
ANTITRUST SECTION
14th Floor, Strawberry Square
Harrisburg, PA 17120
Email: twertz@attorneygeneral.gov
 (717) 787-4530

*Counsel for Plaintiff*
*Federal Trade Commission*

*Counsel for Plaintiff*
*Commonwealth of Pennsylvania*

/s/ William D. Coglianese
_____

*Counsel for Defendants*
*Penn State Hershey Medical Center*
*& Pinnacle Health System*