**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION and COMMONWEALTH OF PENNSYLVANIA,** | : | **Civil No. 1:15-CV-2362** |
| **Plaintiffs** | : | |
| | : | **(Judge Jones)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PENN STATE HERSHEY MEDICAL CENTER, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM AND ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

In this case we are called upon to further determine the proper scope of a protective order in complex merger litigation. The pertinent facts can be simply stated: The Defendants, Penn State Hershey Medical Center and PinnacleHealth System, have been engaged in merger negotiations. The Plaintiffs, the Federal Trade Commission and the Commonwealth of Pennsylvania, have now filed this action in federal court seeking to enjoin this corporate merger. The district court has set an accelerated schedule for discovery and an evidentiary hearing in this case, and the parties have entered into a protective order governing confidential information, (Doc. 48.), which has subsequently been amended by the Court. (Doc. 53.)

We previously entered a protective order governing the scope of disclosure of the identities of any potential witnesses that the FTC and Commonwealth may call in these proceedings. That order provided in part that: First, on or before **February 22, 2016**, counsel for Plaintiffs were to notify defense counsel regarding whether they reserve the right to rely on any information provided by the witnesses objecting to disclosure of their identities in the litigation of this case. Second, if the Plaintiffs reserved the right to potentially rely upon information provided by these objecting witnesses, the Defendants were instructed to designate to the Plaintiffs in-house counsel as to whom the identity of these witnesses will be disclosed. Third, designated in-house counsel will then attest in writing that: (1) they do not take part in competitive decision-making in the area encompassed by the confidential disclosure; (2) they agree to be otherwise bound by the terms of any prior protective orders; (3) they agree that they will not use the confidential information directly or indirectly for any purpose other than defending the FTC litigation; and (4) they acknowledge that violations of the order may subject in-house counsel to sanctions, including contempt. Finally, upon receipt of this attestation from Defendant's in-house counsel, Plaintiffs' counsel were to notify Defendants within 24 hours if they object to a particular disclosure, which objection will be referred to the undersigned for resolution.

Following this procedure we were notified by Plaintiffs that one potential witness continued to object to this disclosure, noting that the witness had previously had unsuccessful business dealings with in-house counsel and voicing a concern that counsel might affect future business referrals to the witness. We conferred with counsel, and entertained a vigorous argument made by the Plaintiffs on behalf of this prospective witness. Despite the force of the Plaintiffs' argument we have concluded that disclosure of this witness' identity, subject to all of the safeguards we have imposed, is appropriate here.

When considering protective orders which impose restrictions on access to confidential information by corporate in-house counsel, "courts must balance the 'one party's right to broad discovery and the other party's ability to protect its confidential materials from misuse . . . .' Avocent Redmond Corp. v. Rose Electronics, 242 F.R.D. 574, 577 (W.D.Wash.2007) (citing U.S. Steel Corp., 730 F.2d at 1468). The key inquiry is whether the attorney in question is in fact a competitive decision-maker. Id. (citing U.S. Steel Corp., 730 F.2d at 1470)." Presidio Components, Inc. v. Am. Tech. Ceramics Corp., 546 F. Supp. 2d 951, 955 (S.D. Cal. 2008). In FTC litigation in-house counsel typically may have access to confidential information subject to certain reasonable constraints, including requirements that in-house counsel: (1) attest that they do not take part in competitive decision-making in the

area encompassed by the confidential disclosure; (2) agree to be otherwise bound by the terms of any protective order; (3) agree that they will not use the confidential information directly or indirectly for any purpose other than defending the FTC litigation; and (4) acknowledge that violations of the order may subject in-house counsel to sanctions, including contempt. Fed. Trade Comm'n v. Sysco Corp., 83 F. Sup p. 3d 1, 3 (D.D.C. 2015) (citing F.T.C. v. Whole Foods Market, Inc., No. 07–1021, 2007 WL 2059741 (D.D.C. July 6, 2007); F.T.C. v. Foster, No. CIV 07-352 JBACT, 2007 WL 2219410, at *10 (D.N.M. Apr. 26, 2007). The courts have also provided a mechanism for the FTC to lodge specific objections to particular in-house counsel disclosures based upon assertions that counsel are, in fact, actively involved in competitive decision-making in the precise areas of concern. See Fed. Trade Comm'n v. Sysco Corp., 83 F. Sup p. 3d 1, 3 (D.D.C. 2015).

In reaching these results, the courts have consistently recognized that a blanket prohibition on any access to information concerning the identity of witnesses in FTC litigation by corporate in-house counsel distorts the balance between one party's right to broad discovery and the other party's ability to protect its confidential materials. Such a total ban on disclosure also which unfairly prejudices the defense of important litigation for the corporate defendants. Here, in-house counsel has followed these procedures and attested that counsel is not involved in referral decisions relating to

this prospective witnesses, and has agreed to adhere to the limitations we have imposed upon use of this information. Given these assurances by counsel, and guided by these benchmarks, in the exercise of our discretion we conclude that the safeguards in place are sufficient to protect the interests of potential witnesses, while also promoting disclosure of information. Therefore, IT IS ORDERED that this witness identity also be disclosed, subject to the series of reasonable and prudent caveats previously imposed by the Court.

So ordered this 29th day of February 2016.

***S/Martin C. Carlson***
Martin C. Carlson
United States Magistrate Judge