**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION and** | : | Civil No. 1:15-CV-2362 |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | **(Judge Jones)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PENN STATE HERSHEY MEDICAL** | : | |
| **CENTER, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM AND ORDER**

    **I.**    **Statement of Facts and of the Case**

This case involves a matter of undeniable public interest and importance; efforts by the Federal Trade Commission and the Pennsylvania Attorney General to block the merger and consolidation of two major regional health care providers on the grounds that the merger would reduce competition in ways which would be detrimental to the public's interest. Despite the manifest public interest in the outcome of this litigation, the complaint itself remains partially shrouded in secrecy, with only a redacted copy of the complaint available for public viewing and inspection. The parties are now engaged in a dispute regarding the extent to which the previously redacted portion of the complaint should be unsealed, with each party

seeking to seal portions of the complaint, largely to avoid disclosing competitive business information. While each party seeks some redactions, each party also in some instances argues that the redactions sought by the opposing party are inappropriate.

Upon consideration of the competing views of the parties we choose a third path, one which promotes the greatest transparency on this matter of public importance. For the reasons set forth below, we order the parties to file a fully unredacted complaint in this matter.

The pertinent facts can be simply stated: The defendants, Penn State Hershey Medical Center and PinnacleHealth System, have been engaged in merger negotiations. The plaintiffs, the Federal Trade Commission and the Commonwealth of Pennsylvania, have now filed this action in federal court seeking to enjoin this corporate merger. The district court has set an accelerated schedule for discovery and an evidentiary hearing in this case, and the parties have entered into a protective order governing confidential information, (Doc. 48.), which has subsequently been amended by the court. (Doc. 53.)

The complaint that has been filed in this case was submitted in a redacted format with a number of paragraphs deleted in part. According to the parties, these redactions are designed to delete sensitive business information. Our review of the

redacted passages, however, discloses that the business information concealed by these redactions relates to fairly general observations regarding how various hospitals compete in the regional marketplace; their competitive positions vis a vis one another; the various lines of service in which they compete; and the ways in which health care consumers use competition among providers to try to secure the greatest services at the lowest expense.

As discussed below, none of these matters–which appear to entail little more than the straightforward application of basic tenets of capitalism to this dispute – are matters of sufficient gravity to overcome the strong presumption in favor of full public access to court records.

**II.    Discussion**

In assessing the suggestions by counsel that certain aspects of this lawsuit should remain shrouded in secrecy and concealed from the public we begin with the proposition that: "It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records. Littlejohn v. BIC Corporation, 851 F.2d 673, 677–78 (3d Cir.1988). The public's right of access extends beyond simply the ability to attend open court proceedings. Rather, it envisions 'a pervasive common law right "to inspect and copy public records and documents, including judicial records and documents." ' Leucadia, Inc. v. Applied

Extrusion Tech., Inc., 998 F.2d 157, 161 (3d Cir.1993)." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001). Further:

> Although our courts recognize a general common law right to inspect and to copy judicial records and documents, the right is not absolute. Nixon, 435 U.S. at 598, 98 S.Ct. at 1312. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Id. The common law thus merely establishes a presumption of public access to court proceedings and court records. Id. at 602, 98 S.Ct. at 1314. In resolving claims of access to trial evidence, "the strong common law presumption of access must be balanced against the factors militating against access." Bank of America, 800 F.2d at 344. Despite the presumption, courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing. Nixon, 435 U.S. at 598, 98 S.Ct. at 1312.

Littlejohn v. Bic Corp., 851 F.2d 673, 678 (3d Cir. 1988).

This right of access is fundamental to our courts and is an essential attribute of our system of justice for good reason. "Public access serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." Littlejohn v. Bic Corp., 851 F.2d 673, 682 (3d Cir. 1988). Recognizing the important public interests served by this common law public right of access to court records, it has also been held that:

> In order to override the common law right of access, the party seeking the . . . the sealing of part of the judicial record "bears the burden of

> showing that the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure." Miller, 16 F.3d at 551 (citing Publicker, 733 F.2d at 1071). In delineating the injury to be prevented, specificity is essential. See Publicker, 733 F.2d at 1071. Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient. As is often the case when there are conflicting interests, a balancing process is contemplated. "[T]he strong common law presumption of access must be balanced against the factors militating against access. The burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption." Leucadia, 998 F.2d at 165 (quoting Bank of Am. Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assoc., 800 F.2d 339, 344 (3d Cir.1986)).

In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001).

Judged against these standards we find that the public's interest is best served here by complete transparency with respect to the allegations made by the state and United States regarding the community impact of this proposed merger. Such transparency "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." Littlejohn v. Bic Corp., 851 F.2d 673, 682 (3d Cir. 1988).

In reaching this judgment we acknowledge that the subject matter of this litigation is a matter of enduring interest to all Pennsylvanians. In their lives every member of the public will require health care services. Therefore, litigation relating

to issues of competition in this vitally important marketplace, and the costs of quality of health care services, is a matter of paramount public interest.

Given the undeniable public interest in the issues raised by this litigation, we also find that the parties have not demonstrated that redaction of the complaint is necessary since they have not carried their dual "burden of showing that the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure." Miller, 16 F.3d at 551 (citing Publicker, 733 F.2d at 1071). On this score, while we concede that "courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing," Littlejohn v. Bic Corp., 851 F.2d 673, 678 (3d Cir. 1988), it is also clear that the "burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption." Leucadia, 998 F.2d at 165. Furthermore, this burden may not be met through "[b]road allegations of harm, bereft of specific examples or articulated reasoning." In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001).

In the instant case, when we consider the allegations of harm proffered by the parties in support of their proposed redactions, we find that they simply do not overcome this presumption of public access. In our view the redacted information

does not constitute sensitive competitive information of a type which might disrupt the marketplace or whose disclosure might lead to some fundamental competitive imbalance. Rather, the redacted information seems to consist largely of a series of fairly commonplace, and commonly understood, free market principles: Major health care providers regard other major health care providers as their primary competitors in the regional health care marketplace. Smaller providers, who offer a lesser array of services, are not viewed as competitive rivals to major providers in this particular marketplace. Health insurers and other consumers of health care services prefer a more competitive marketplace since it allows them to shop between competitors and use that competition to secure lower costs for goods and services. None of these observations are matters of such a sensitive financial import that they overcome the public's interest in having full access to information regarding the business of the courts in litigation which may ultimately affect all Pennsylvanians as health care consumers. Accordingly, finding that this litigation raises matters of paramount public interest, concluding that the strong presumption in favor of untrammeled public access to court records applies here , and holding that this presumption has not been overcome, we will order the parties to file a fully unredacted copy of the complaint in this action.

    An appropriate order follows:

### III. Order

AND NOW, this 30th day of March 2016, IT IS ORDERED that on or before **April 8, 2016**,[1] the plaintiffs shall file a fully unredacted complaint in this case.

          *S/Martin C. Carlson*
          Martin C. Carlson
          United States Magistrate Judge

---

[1] We have set this April 8 deadline by design in order to allow any party who is aggrieved by this ruling the opportunity to appeal this decision to the district court if that party believes that there is a clearly demonstrated and narrowly articulated private interest at stake here that overcomes the broad public interest in access to court records.